UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZOOLOGICAL SOCIETY OF CINCINNATI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE GORILLA FOUNDATION, et al.,<br><br>　　　　Defendants. | Case No. 18-cv-06529-RS<br><br>**ORDER RE TRANSFER TIMING AND CONTINUING CASE MANAGEMENT CONFERENCE** |

The order issued in this case on February 1, 2019, (Dkt. No. 50), stated, in part:

> [T]he parties are directed to meet and confer to attempt to reach a consensus on as many aspects of the protocol for transporting Ndume to [the Zoological Society of Cincinnati ("the Zoo")] as possible . . . . The Zoo is directed to exercise the utmost good faith in entertaining any suggestions or requests made by TGF, without regard to the fact that it may believe the protocols and plans it has already adopted are sufficient. TGF, in turn, is to exercise the utmost good faith in presenting any suggestions or requests, and is directed to bear in mind that the question of whether Ndume will be transferred to the Zoo is no longer subject to negotiation . . . .
>
> Given that both sides represent that the well-being of Ndume is their paramount interest, however, they are expected to cooperate now to ensure the conditions under which he is transported to the Zoo and begins living there are as optimal as can reasonably be achieved.

On March 5, 2019, an order issued based on the parties' stipulation, which anticipated a "target" date for Ndume's transfer of May 13, 2019. (Dkt. No. 52). The parties subsequently twice agreed to extend the transfer date. Ultimately, however, the Zoo unilaterally set June 4, 2019 as

the transfer date. Defendants refused to agree to transfer on that date, contending there was evidence that, in light of the stress associated with moving, Ndume had experienced a flare-up of the chronic bacterial infection from which he suffers and which is endemic among gorillas in captivity. Defendants acknowledge, however, that the expert on whom they rely "is not arguing against a transfer, just a precipitous transfer."

In their joint case management statement, both sides request court intervention in setting a transport date for Ndume. Given the substantive nature of that issue, ordinarily motion practice would be more appropriate to address the disputes. In light of all the circumstances here, however, the following rulings will issue.

At this point, the Zoo's proposed transfer date of June 4, 2019 obviously is moot. Defendants suggest further evaluation of Ndume's infection may clarify the risks within only a few weeks. The Zoo is ordered to continue monitoring that situation and to modify its plans to any extent that may be warranted. Nonetheless, defendants have failed to make a persuasive showing that the bacterial infection, previously addressed in the order on the motion for summary judgment, presents a reason to delay the transfer now. Accordingly, the Zoo is permitted to schedule the transfer at any time in the month of June, 2019.

That said, the parties shall continue to attempt to reach consensus as to the specific transfer date. While defendants may seek relief from any transfer date to which they do not consent, they are reminded that the question of whether Ndume will be transferred to the Zoo is no longer subject to negotiation, and they are advised any showing of undue risk from the transfer will have to be substantially more compelling than that presented in conjunction with the Case Management Conference Statement.

The expectation remains that Ndume will be transferred no later than June 30, 2019, if safe, but at such earliest possible time that is both practical and safe. The Case Management Conference set for June 6, 2019 is continued to July 18, 2019, with a joint case management conference statement to be filed one week in advance, if the case has not been dismissed prior to that date.

**IT IS SO ORDERED**.

Dated: June 5, 2019

_____
RICHARD SEEBORG
United States District Judge